IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MYRON GIBBS, | § | |
| | § | |
| Defendant Below, | § | No. 193, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0911008893 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 26, 2018
Decided: June 8, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 8th day of June 2018, after careful consideration of the appellant's opening brief, the appellee's motion to affirm,[1] and the record below, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order adopting the Commissioner's well-reasoned report and recommendation dated February 28, 2018.[2] The Superior Court did not err in concluding that the appellant's third motion for postconviction relief was procedurally barred and did not satisfy the pleading requirements of Superior Court Criminal Rule 61(d)(2).

---

[1] On May 17, 2018, the appellant filed a motion for leave to respond to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no reason to request a response after considering the appellant's motion.

[2] *State v. Gibbs*, 2018 WL 1110429 (Del. Super. Ct. Feb. 28, 2018).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

2